Diane LEONE, Plaintiff–Appellant,

v.

C. FISHER, Badge No. 133,
Defendant–Appellee.

No. 07–4851–cv.

United States Court of Appeals,
Second Circuit.

Feb. 27, 2009.

Norman A. Pattis (John F. Geida, on the brief), The Law Offices of Norman A. Pattis, LLC, Bethany CT, for Plaintiff–Appellant.

Martha A. Shaw (Thomas R. Gerarde, on the brief), Howd & Ludorf, LLC, Hartford, CT, for Defendant–Appellee.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Diane Leone appeals from the district court's October 1, 2007, entry of summary judgment in favor of defendant police officer Cynthia Fisher. Leone had brought claims under 42 U.S.C.

§ 1983 against Fisher, in her individual capacity, in connection with Leone's arrest for making a harassing phone call to a teacher at the John F. Kennedy Elementary School in Windsor, Connecticut. The district court found that Leone's claims failed because Fisher was protected by the doctrine of qualified immunity. *See Leone v. Fisher,* No. 05 CV 521, 2007 WL 2874777 at *6–7, 2007 U.S. Dist. LEXIS 71860, at *20 (D.Conn. Sept. 28, 2007).

We review a district court's grant of summary judgment *de novo,* construing all facts in favor of the nonmoving party. *See Jeffreys v. City of New York,* 426 F.3d 549, 553 (2d Cir.2005). Summary judgment is appropriate where "there is no genuine issue as to any material fact." Fed. R.Civ.P. 56(c). We assume the parties' familiarity with the underlying facts and procedural history.

On appeal, Leone argues that Officer Fisher is not protected by qualified immunity since a reasonable police officer would not have omitted key information from the affidavit in support of the arrest warrant. In particular, Leone argues that Fisher should have included in the affidavit: (1) that Leone had claimed she never placed a call to John F. Kennedy Elementary School; (2) that Officer Fisher failed to listen to the tape recording herself, and instead relied on a transcript; (3) that Officer Fisher had spoken with a police officer at the West Hartford Police Department regarding Leone's case; and (4) that there was an ongoing dispute between Leone and the recipient of the voice mail messages, Carol Giardi. According to Leone, if what was omitted from the affidavit had been included in it, the affidavit would have been insufficient to demonstrate probable cause for Leone's arrest.

Leone's argument fails because, as the district court properly found, even if this omitted information had been included in the affidavit, the affidavit would still support a finding of probable cause. *See Velardi v. Walsh,* 40 F.3d 569, 573–74 (2d Cir.1994) (finding that disputes regarding an affiant's statements in support of a warrant are not material and do not deprive police officers of qualified immunity in a federal civil rights action "if, after . . . supplying any omitted facts, the 'corrected affidavit' would have supported a finding of probable cause."). The school principal, Warren Logee, told Officer Fisher about a threatening voice mail message from Leone that Giardi, a teacher at the school, had received and forwarded to him. In a signed, sworn statement, Giardi confirmed that she was the recipient of Leone's threatening voice mail message. Although it is unclear from the record whether Officer Fisher listened to a recording of the voice mail message, she did review a transcript of the message that had been transcribed by a school secretary. These facts, including the contents of the message, supported Officer Fisher's reasonable belief that there was probable cause to arrest Leone. *See United States v. Valentine,* 539 F.3d 88, 93 (2d Cir.2008) ("Probable cause to arrest a person exists if the law enforcement official, on the basis of the totality of the circumstances, has sufficient knowledge or reasonably trustworthy information to justify a person of reasonable caution in believing that an offense has been or is being committed by the person to be arrested." (quoting *United States v. Patrick,* 899 F.2d 169, 171 (2d Cir.1990))).

Leone also argues that the district court applied an improvidently strict legal standard by considering whether "officers of reasonable competence could disagree on whether there was probable cause to arrest." *Leone,* 2007 WL 2874777 at *4, 2007 U.S. Dist. LEXIS 71860, at *12. Leone's argument, which is based on a concurring opinion in *Walczyk v. Rio,* 496 F.3d 139, 169–70 (2d Cir.2007) (Sotomayor,

*J.*, concurring), was expressly rejected by a majority of the panel in that case, and is not the law of this Circuit. *See Walczyk,* 496 F.3d at 154 ("[A]n officer is … entitled to qualified immunity if 'officers of reasonable competence could disagree' on the legality of the action at issue in its particular factual context." (quoting *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986))); *see also id.* at 154 n. 16 ("By instructing courts to focus on whether 'officers of reasonable competence could disagree' about the illegality of the challenged conduct, *Malley* sounds a useful reminder: because law enforcement relies on probabilities and reasonable suspicions in an almost infinite variety of circumstances, many requiring prompt action, there can frequently be a *range* of responses to given situations that competent officers may *reasonably* think are lawful.").

We have considered Defendant-appellant's other arguments and find them to be without merit. For the foregoing reasons, the judgment of the United States District Court for the District of Connecticut is AFFIRMED.